**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.:

ANGELA THOMAS,

    Plaintiff,

vs.

WICKED CANTINA 1, INC.,

    Defendant.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Angela Thomas (hereinafter "Plaintiff") sues the above Defendant, Wicked Cantina 1 (hereinafter "Defendant") for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and alleges as follows:

### PARTIES

1. Plaintiff Angela Thomas was employed by Defendants from March 10, 2018 to May 29 2018, and worked out of their restaurant located at 1603 N. Tamiami Trail, Sarasota, Florida 34236. At all times material hereto she has been a resident of Sarasota County.

2. Defendant Wicked Cantina 1, Inc. is a Florida corporation that runs several restaurant locations in the Sarasota and Bradenton area. Their principal address is located at 6237 Signature Pointe Ln., Bradenton, FL 34210.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, because this action involves a federal question under the Americans with Disabilities Act.

4. This Court has original and personal jurisdiction over this action because the Defendants are engaged in business within the state of Florida, and the action complained of occurred in Florida.

5. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendants own and operate facilities in Sarasota County, and the

unlawful conduct occurred within the Tampa Division of this Court.

## GENERAL ALLEGATIONS

6. Prior to working for Defendant, Plaintiff had worked as a dishwasher in various restaurants for approximately ten (10) years.

7. Plaintiff began working for Defendant on March 10, 2018.

8. Plaintiff was employed as a dishwasher in Defendant's Sarasota restaurant.

9. Plaintiff had a documented, severe case of diabetes, causing her to be dependent on insulin. Upon her hiring, she informed several managers and supervisors of this condition. Her treating physician had also given Ms. Thomas a doctor's note, which she shared with her managers and supervisors, that she could not work more than 24 hours per week, due to her conditions.

10. Plaintiff's diabetes constitutes a disability under the ADA. Specifically, her condition substantially limits one or more major life activities, such that she had extreme difficulty working, performing manual tasks, standing, lifting and bending.

11. On May 28, 2018, Plaintiff requested to leave work early after having worked over her prescribed twenty-four (24) hours that week. The request was based on her symptoms of feeling faint and having a strong headache, which she understood to be related to her diabetes.

12. Defendant's manager in charge expressed resentment at Plaintiff's request, however eventually allowed Plaintiff to go home for the rest of the night.

13. The next day, Plaintiff was terminated immediately upon arrival to the restaurant. She was terminated for not being able to work the extra hours the restaurant desired.

14. Prior to her termination, Plaintiff had never received any written reprimands or employee counseling whatsoever.

## COUNT I: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-14 above.

16. Plaintiff was an employee of Defendant pursuant to the ADA.

17. Defendant was and is an "employer" within the meaning of Title I of the ADA, in that they employ more than 15 employees.

18. Plaintiff suffered the adverse employment action of termination on May 29, 2018.

19. At the time of the adverse employment action, Plaintiff was disabled within the meaning

of the ADA, as her condition substantially interfered with one or more major life activities. Because of her condition, Plaintiff experienced substantial interference with her ability to work, perform manual tasks, stand, lift and bend.

20. During the relevant period, Plaintiff was a qualified individual in that she could perform the essential functions of her job as a dishwasher with reasonable accomodations.

21. Plaintiff made Defendant aware of her condition, and provided Defendant with a doctor's note indicating that she required the reasonable accommodation of working no more than twenty-four (24) hours per week.

22. Plaintiff was discriminated against based on her disability, specifically by being requested to perform duties Defendants knew she could not physically accomplish or that were in derogation of her doctor's restrictions.

23. Further, Defendant failed to provide the reasonable accommodation requested by Plaintiff and prescribed by her doctors.

24. As a result of Defendant's conduct, Plaintiff suffered damages, including compensatory damages, lost wages, lost benefits, and other pecuniary damages.

25. Defendant's conduct also constitutes a willful violation of the ADA, and as such Plaintiff is entitled to punitive damages.

26. All prerequisites and preconditions to filing this lawsuit have been fulfilled or completed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 6th day of February, and respectfully submitted by:

> */s/ Nicholas J. Castellano, II*
> Nicholas J. Castellano, II, Esq.
> Florida Bar Number: 0118601
> Email: nick@buckmanandbuckman.com
> Y. Drake Buckman, II, Esq.
> Florida Bar Number: 0137634
> Email: attorney@buckmandbuckman.com
>
> **BUCKMAN & BUCKMAN, P.A.**
> 2023 Constitution Boulevard
> Sarasota, FL  34231

Telephone:	(941) 923-7700
Fax:	(941) 923-7736

*Attorneys for Plaintiff*